MAC BAN LAW OFFICES
Skyline Esplanade
1795 E. Skyline Drive, Suite 155
Tucson, Arizona 85718
Telephone: (520) 624-6446
Facsimile: (520) 624-6617
Laura V. Mac Ban (State Bar No. 012328)
lvm@macbanlaw.com
Michael L. Linton (State Bar No. 024729)
mlinton@macbanlaw.com
**Attorneys for** Defendants Holy Cross
Hospital, Inc. and Ascension Arizona, Inc.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ASHLEY CERVANTES, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION AGENT SHAMEKA LEGGETT and "JOHN DOE" LEGGETT; UNKNOWN UNITED STATES CUSTOMS AND BORDER PROTECTION AGENTS; HOLY CROSS HOSPITAL, INC.; ASCENSION ARIZONA, INC.; PATRICK F. MARTINEZ AND "JANE DOE" MARTINEZ; JOHN DOES 1-5; JANE DOES 1-5; XYZ CORPORATIONS 1-5; ABC PARTNERSHIPS 1-5,<br><br>Defendants. | NO. 4:16-CV-00334-CKJ<br><br><br>**DEFENDANTS HOLY CROSS HOSPITAL, INC. AND ASCENSION ARIZONA, INC.'S ANSWER AND MOTION TO DISMISS**<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>*(Assigned to*<br>*The Hon. Cindy K. Jorgenson)* |

Defendants Holy Cross Hospital, Inc. and Ascension Arizona, Inc. (hereinafter "Holy Cross"), by and through undersigned counsel, hereby answer, aver, and allege as follows:

I.

Answering Paragraphs 1, 2, 3, and 4 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

II.

Holy Cross admits Paragraph 5 of Plaintiff's Complaint.

III.

Answering Paragraph 6 of Plaintiff's Complaint, Holy Cross moves to dismiss Ascension Arizona, Inc. as not a proper party to this action for failure to state a claim as a matter of law.

IV.

Answering Paragraph 7 of Plaintiff's Complaint, Holy Cross admits doing business in Santa Cruz County, Arizona.  As for the remaining allegations of Paragraph 7 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

///

V.

Answering Paragraph 8 of Plaintiff's Complaint, Holy Cross denies Patrick Martinez, MD ("Dr. Martinez") is an employee/agent or servant of Holy Cross; and admits Dr. Martinez is a medical doctor with privileges to practice at Holy Cross.  As for the remaining allegations of Paragraph 8 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

VI.

Answering Paragraph 9 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

VII.

Holy Cross admits Paragraphs 10, 11, 12 and 13 of Plaintiff's Complaint.

VIII.

Answering Paragraphs 14 – 24 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

IX.

Answering Paragraph 25 of Plaintiff's Complaint, Holy Cross admits Plaintiff was taken to Holy Cross.  As for the remaining allegations of Paragraph 25 of

Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

X.

Answering Paragraphs 26 and 27 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

XI.

Answering Paragraph 28 of Plaintiff's Complaint, Holy Cross denies Dr. Martinez is an agent, employee, or servant of Holy Cross, and denies vicarious liability for the conduct of any person not an agent, servant, or employee of Holy Cross.  As for the remaining allegations of Paragraph 28 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

XII.

Answering Paragraphs 29 – 40 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

XIII.

Holy Cross denies and moves to strike Paragraphs 41, 42, 43, 44, and 45 of Plaintiff's Complaint as failing to state a claim as a matter of law.  See also Holy

Cross's accompanying Motion to Dismiss, dated August 19, 2016, filed concurrently herewith.

XIV.

Answering Paragraphs 46 and 47 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

**COUNT ONE**
**Unreasonable Seizure, False Arrest and False Imprisonment in Violation of the**
**Fourth Amendment to the U.S. Constitution Against the CBP Agents**
***(Bivens Claim)***

XV.

Answering Count One, Paragraph 48, of Plaintiff's Complaint, Holy Cross reincorporates/realleges all defenses as to Paragraphs 1 – 47 of Plaintiff's Complaint as if fully set forth herein.

XVI.

Answering Paragraph 49 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

XVII.

Answering Paragraph 50 of Count One of Plaintiff's Complaint, Holy Cross denies same and moves to strike Paragraph 50 of Plaintiff's Complaint as failing to

state a claim as a matter of law.  See also Holy Cross's accompanying Motion to

Dismiss, dated August 19, 2016, filed concurrently herewith.

**COUNT TWO**
**Unreasonable Search in Violation of the Fourth Amendment to the**
**U.S. Constitution Against the CBP Agents**
*(Bivens Claim)*

XVIII.

Answering Count Two, Paragraph 51, of Plaintiff's Complaint, Holy Cross

reincorporates/realleges all defenses as to Paragraphs 1 – 50 of Plaintiff's Complaint as

if fully set forth herein.

XIX.

Answering Paragraphs 52 and 53 of Count Two of Plaintiff's Complaint, Holy

Cross is without sufficient information or knowledge to form a belief as to their

truthfulness and, therefore, denies same.

**COUNT THREE**
**Deprivation of Due Process in Violation of the Fifth Amendment to the**
**U.S. Constitution Against the CBP Agents**
*(Bivens Claim)*

XX.

Answering Count Three, Paragraph 54, of Plaintiff's Complaint, Holy Cross

reincorporates/realleges all defenses as to Paragraphs 1 – 53 of Plaintiff's Complaint as

if fully set forth herein.

XXI.

Answering Paragraphs 55 and 56 of Count Three of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

**COUNT FOUR**
**Unreasonable Seizure, False Arrest and False Imprisonment in Violation of the**
**Fourth and Fourteenth Amendments to the U.S. Constitution**
**Against Defendant Martinez and Holy Cross**
***(Bivens Claim/*42 U.S.C. § 1983 Claim)**

XXII.

Answering Count Four, Paragraph 57, of Plaintiff's Complaint, Holy Cross reincorporates/realleges all defenses as to Paragraphs 1 – 56 of Plaintiff's Complaint as if fully set forth herein.

XXIII.

Holy Cross denies and moves to strike Paragraphs 58, 59, and 60 of Count Four of Plaintiff's Complaint as failing to state a claim as a matter of law.  See also Holy Cross's accompanying Motion to Dismiss, dated August 19, 2016, filed concurrently herewith.

**COUNT FIVE**
**Unreasonable Search in Violation of the Fourth and Fourteenth Amendments to**
**the U.S. Constitution Against Defendant Martinez and Holy Cross**
***(Bivens Claim/*42 U.S.C. § 1983 Claim)**

XXIV.

Answering Count Five, Paragraph 61, of Plaintiff's Complaint, Holy Cross reincorporates/realleges all defenses as to Paragraphs 1 – 60 of Plaintiff's Complaint as if fully set forth herein.

XXV.

Holy Cross denies and moves to strike Paragraphs 62, 63, and 64 of Count Five of Plaintiff's Complaint as failing to state a claim as a matter of law.  See also Holy Cross's accompanying Motion to Dismiss, dated August 19, 2016, filed concurrently herewith.

**COUNT SIX**
**Deprivation of Due Process in Violation of the Fifth Amendment to the**
**U.S. Constitution Against Defendant Martinez and Holy Cross**
*(Bivens Claim/42 U.S.C. § 1983 Claim)*

XXVI.

Answering Count Six, Paragraph 65, of Plaintiff's Complaint, Holy Cross reincorporates/realleges all defenses as to Paragraphs 1 – 64 of Plaintiff's Complaint as if fully set forth herein.

XXVII.

Holy Cross denies and moves to strike Paragraphs 66, 67, and 68 of Count Six of Plaintiff's Complaint as failing to state a claim as a matter of law.  See also Holy Cross's accompanying Motion to Dismiss, dated August 19, 2016, filed concurrently herewith.

**<u>COUNT SEVEN</u>**
**<u>Negligent Hiring, Training and Supervision Against Holy Cross</u>**

XXVIII.

Answering Count Seven, Paragraph 69, of Plaintiff's Complaint, Holy Cross reincorporates/realleges all defenses as to Paragraphs 1 – 68 of Plaintiff's Complaint as if fully set forth herein.

XXIX.

Holy Cross denies Paragraph 70 of Count Seven of Plaintiff's Complaint as to Dr. Martinez or any person not an employee, agent, or servant of Holy Cross.  As for the remaining allegations of Paragraph 70 of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

XXX.

Holy Cross denies Paragraph 71 of Count Seven of Plaintiff's Complaint, and asserts this claim fails to state a claim as a matter of law.

XXXI.

Answering Paragraph 72 of Count Seven of Plaintiff's Complaint, Holy Cross denies it was negligent and/or proximately caused the injuries of which Plaintiff complains.  As for the remaining allegations of Paragraph 72 of Count Seven of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.  Holy Cross further

asserts any claim against a licensed care provider must be established by the requisite expert testimony in compliance with A.R.S. §§ 12-2603, 12-2604, *et seq.*

**COUNT EIGHT**
**Assault and Battery Claim Against the United States for the**
**Tortious Actions of Its Federal Agents**

XXXII.

Answering Paragraph 73 of Count Eight of Plaintiff's Complaint, Holy Cross reincorporates/realleges all defenses as to Paragraphs 1 – 72 of Plaintiff's Complaint as if fully set forth herein.

XXXIII.

Answering Paragraphs 74, 75, and 76 of Count Eight of Plaintiff's Complaint, Holy Cross denies it is vicariously liable for the CBP agents or the United States.  As for the remaining allegations of Paragraphs 74, 75, and 76 of Count Eight of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

**COUNT NINE**
**False Arrest Claim Against the United States for the**
**Tortious Actions of Its Federal Agents**

XXXIV.

Answering Paragraph 77 of Count Nine of Plaintiff's Complaint, Holy Cross reincorporates/realleges all defenses as to Paragraphs 1 – 76 of Plaintiff's Complaint as if fully set forth herein.

XXXV.

Answering Paragraphs 78, 79, and 80 of Count Nine of Plaintiff's Complaint, Holy Cross denies it is vicariously liable for the CBP agents or the United States.  As for the remaining allegations of Paragraphs 78, 79, and 80 of Count Nine of Plaintiff's Complaint, Holy Cross is without sufficient information or knowledge to form a belief as to their truthfulness and, therefore, denies same.

**JURY TRIAL DEMANDED**

XXXVI.

Holy Cross admits Paragraph 81 of Plaintiff's Complaint.  Holy Cross also respectfully demands a jury trial.

XXXVII.

Holy Cross moves to strike Plaintiff's claim for punitive damages as failing to state a claim as a matter of law.

**GENERAL DENIAL**

XXXVIII.

As to all paragraphs asserted in Plaintiff's Complaint, Holy Cross denies each and every allegation not heretofore specifically admitted.

///

///

**AFFIRMATIVE DEFENSES**

XXXIX.

As and for Affirmative Defenses as to all paragraphs asserted in Plaintiff's Complaint, Holy Cross alleges:

(a)     Plaintiff may have been comparatively, wholly, or partially at fault in causing the alleged harm, and any claim for damages must be reduced pursuant to the provisions of UCATA, A.R.S. §12-2501, *et seq*.

(b)     Another person or entity, either a party or not a party to this action may be comparatively, wholly, or partially at fault in causing the injuries and/or damages for which Plaintiff seeks recovery, and any claim for damages must be reduced proportionately pursuant to the provisions of UCATA, A.R.S. §12-2501, *et seq*.

(c)     That another person or entity, either a party or not a party to this action may, by virtue of the common law or contractual agreement, have an obligation to indemnify Defendant for any claim of damages alleged in this Complaint.

(d)     That Plaintiff may have failed to mitigate damages, and this Defendant is not liable or responsible for any amount of damage that could have or should have been mitigated.

(e)     Plaintiff's Complaint fails to state a claim against this Defendant for which relief can be granted.

(f)     That Plaintiff's claims are or may be time barred by release, statute of limitations, abatement, waiver, insufficiency of service of process and/or estoppel.

(g)     That it has a right to set off such sums as Plaintiff has received from or on behalf of other persons or entities against any sums recovered by Plaintiff from this Defendant, if any.

(h)     Plaintiff's damages, if any, may have been the result of an intervening, superseding cause.

(i)     In order to avoid waiver of same, Holy Cross reserves the right to amend this Answer at a later time to assert any matter constituting an avoidance or affirmative defense, including, but not limited to, without limitation, those matters set forth in Rules 8(c), 9, and 12(b) *A.R.C.P.*, *in haec verba*: including: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, immunity and/or qualified immunity, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief may be granted; and failure to join a party under Rule 19.

(j)     Dismissal of this action is required in the event Plaintiff does not comply with A.R.S. § 12-2603, *et seq*.

(k)     Holy Cross asserts that immunity and/or qualified immunity bars this claim as a matter of law.

(l)     Without waiving any objections thereto, Holy Cross incorporates by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

(m)     Holy Cross further reserves the right to assert additional defenses as investigation and discovery proceed.

WHEREFORE, having fully answered Plaintiff's Complaint, Holy Cross prays for judgment as follows:

1.     That a judgment be entered in its favor and against the Plaintiff on all allegations in the Complaint;

2.     That Plaintiff takes nothing by her action;

3.     That these Defendants recover its costs incurred in the action; and

4.     That these Defendants be awarded such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 19th day of August, 2016.

By /s/Laura V. Mac Ban
Laura V. Mac Ban
Michael L. Linton
Attorneys for Defendants Holy Cross
Hospital, Inc. and Ascension Arizona, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Matthew C. Davidson, Esq.                    Brian Marchetti, Esq.
Law Offices of Matthew C. Davidson, Ltd.      Marchetti Law, P.L.L.C.
1859 N. Grand Avenue, Suite 1                 290 N. Meyer Avenue
Nogales, AZ  85621-1386                       Tucson, AZ  85701
Tel:  (520) 281-0433                          Tel:  (520) 334-2067
Fax:  (520) 281-0553                          Email: brian@yourtucsonlawfirm.com
Email:  davidsonlaw@hotmail.com               Attorneys for Plaintiff
Attorneys for Plaintiff

I hereby certify that on August 22, 2016, a courtesy copy of the filed attached document will be hand delivered via messenger service to:

The Hon. Cindy K. Jorgenson
United States District Court
Evo A. DeConcini U.S. Courthouse
405 W. Congress Street, Suite 5180
Tucson, AZ  85701

Executed this 19th day of August, 2016, at Tucson, Arizona.


                                              /s/ Laura V. Mac Ban