MAC BAN LAW OFFICES
Skyline Esplanade
1795 E. Skyline Drive, Suite 155
Tucson, Arizona  85718
Telephone:  (520) 624-6446
Facsimile:  (520) 624-6617
Laura V. Mac Ban (State Bar No. 012328)
lvm@macbanlaw.com
Michael L. Linton (State Bar No. 024729)
mlinton@macbanlaw.com
**Attorneys for** Defendants Holy Cross Hospital, Inc. and Ascension Arizona, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ASHLEY CERVANTES, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION AGENT SHAMEKA LEGGETT and "JOHN DOE" LEGGETT; UNKNOWN UNITED STATES CUSTOMS AND BORDER PROTECTION AGENTS; HOLY CROSS HOSPITAL, INC.; ASCENSION ARIZONA, INC.; PATRICK F. MARTINEZ AND "JANE DOE" MARTINEZ; JOHN DOES 1-5; JANE DOES 1-5; XYZ CORPORATIONS 1-5; ABC PARTNERSHIPS 1-5,<br><br>Defendants. | NO. 4:16-CV-00334-CKJ<br><br>**DEFENDANTS HOLY CROSS HOSPITAL, INC. AND ASCENSION ARIZONA, INC.'S MOTION TO DISMISS**<br><br>**Oral Argument Requested**<br><br>*(Assigned to<br>The Hon. Cindy K. Jorgenson)* |

Defendants Holy Cross Hospital, Inc. and Ascension Arizona, Inc. ("Holy Cross Hospital") hereby file this Motion to Dismiss Plaintiff's *Bivens* and 42 U.S.C. §1983 claims against Holy Cross Hospital, under Counts IV – VI of the Complaint, because Plaintiff's allegations, even if accepted as true, do not meet the *Iqbal* and *Twombly* standards.

**I.     Background**

Plaintiff brought a Complaint against Holy Cross Hospital and its partial corporate owner, Dr. Patrick Martinez (a physician practicing at Holy Cross Hospital), a United States Customs and Border Protection Agent, and the United States of America for nine claims related to a search, seizure and detention at the Nogales Port of Entry, as well as an alleged bodily search at Holy Cross Hospital that followed. *See* Complaint.  She alleges that she was detained and searched at the Nogales Port of Entry by United States Customs and Border Protection Agents, was then transported to Holy Cross Hospital in Nogales by United States Customs and Border Protection Agents after one agent completed a federal Treatment Authorization Form from the federal Division of Immigration Health Services, was detained under the supervision of the United States Customs and Border Protection Agents while her person was searched at Holy Cross Hospital, and was taken back by United States Customs and Border Protection Agents to the Nogales Port of Entry and released upon completion of the search. *Id.* at ¶¶19-37.

The Complaint includes three causes of action "pursuant to 42 U.S.C. §1983 and/or *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971)." *Id.* at ¶¶ 60, 64, and 68. Those causes of action allege that the customs and practices of Holy Cross Hospital caused the violation of Plaintiff's right to be free from unreasonable seizures (Count IV), her right to be free from unreasonable searches (Count V), and her right to due process (Count VI). *Id.* Plaintiff also brought *Bivens* and §1983 claims against the United States of America, a Customs and Border Protection Agent, and Dr. Martinez, as well as Federal Tort Claims Act actions against the United States. Plaintiff also brought a Negligent Supervision, Training and Hiring claim against Holy Cross Hospital that is ***not*** a subject of this Motion.

Holy Cross Hospital is, as Plaintiff's Complaint asserts, "an Arizona Corporation doing business in Santa Cruz County, Arizona." Plaintiff's Complaint at ¶5. At the time of the underlying events in this suit, it was owned by Carondelet Health Network, Inc. *Id.* at ¶¶5-7. Plaintiff does *not* allege that Holy Cross Hospital or its parent corporation were, at any times relevant to the Complaint, public entities of any kind. In addition, the Complaint alleges that Dr. Patrick Martinez, who is alleged to have conducted the search of Plaintiff's person, was "employed by Holy Cross" and "was acting in the course and within the scope of his employment and/or as Holy Cross' agent/servant."[1] *Id.* at ¶8.

---

[1] Holy Cross Hospital denies that Dr. Martinez was, at all relevant times, under its employ or was its agent/servant under any applicable legal theory.

Holy Cross Hospital now moves to dismiss Counts IV through VI of Plaintiff's Complaint against Holy Cross Hospital, because 42 U.S.C. §1983 only applies to parties acting under color of *state* law, and because *Bivens* actions may not be brought against private corporate entities.

**II.     Legal Argument**

The United States Supreme Court stated in *Ashcroft v. Iqbal,* that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Only a complaint "that states a plausible claim for relief survives a motion to dismiss." *Id.* Legal conclusions must be supported by sufficient factual allegations. *Id.* at 679.

Counts IV through VI of the Complaint seek liability for Holy Cross Hospital and its corporate ownership "pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)." However, the

Complaint, on its face, fails to state plausible claims for which relief may be granted because it fails to establish how Holy Cross Hospital, as a private corporate entity not operating as a state actor, may be held liable under these federal civil rights theories.

### A. Plaintiff's 42 USC §1983 Claims Fail to State a Claim for Which Relief May Be Granted

To the extent Claims IV – VI of the Complaint against Holy Cross Hospital can be interpreted as claims brought pursuant to 42 U.S.C. § 1983, they fail to state claims for which relief may be granted because Holy Cross Hospital is not properly alleged to have been acting under color of state law, as detailed below.

#### *1. Vicarious liability is not a proper basis of a §1983 claim.*

To the extent Plaintiff's Complaint alleges that Holy Cross Hospital is liable under 42 U.S.C. §1983 for the acts or omissions of Dr. Martinez or one of its agents or employees, Plaintiff fails to make a proper claim. Plaintiff's Complaint alleges vicarious liability against Holy Cross Hospital, stating that Dr. Martinez "is a medical doctor employed by Holy Cross" who "was acting in the course and within the scope of his employment and/or as Holy Cross' agent/servant." Complaint at ¶8. While Holy Cross denies that Dr. Martinez was its employee or that it is vicariously liable for Dr. Martinez on any theory of liability under Arizona or federal law, vicarious liability cannot be a basis of liability for a corporate defendant under a 42 U.S.C. §1983 claim. *Monell v. Department of Social Serv.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

In *Monell,* the United States Supreme Court, in reviewing the legislative history of §1983, held that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* Specifically, *Monell* held that a municipal corporation could not be held liable *"under §1983 on a respondeat superior* theory" for the conduct of individual employees. *Id.* (emphasis in the original). The Ninth Circuit Court of Appeals and all other circuit courts to have considered the issue have extended this holding to private corporations as well. *See Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1139 (9th Cir. 2012) (casino); *Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 728 (4th Cir. 1999) (amusement park); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 818 (6th Cir. 1996) (private detention facility); *Harvey v. Harvey,* 949 F.2d 1127, 1129-30 (11th Cir. 1992) (hospital); *Rojas v. Alexander's Dep't Store, Inc.,* 924 F.2d 406 (2nd Cir. 1990) (department store); *Lux v. Hansen,* 886 F.2d 1064, 1067 (8th Cir. 1989) (private mental health center); *Lusby v. T.G. & Y. Stores, Inc.,* 749 F.2d 1423, 1433 (10th Cir. 1984) (retail store), *vacated on other grounds sub nom. City of Lawton v. Lusby,* 474 U.S. 805, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985); *Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982) (department store), *Cf. Shields v. Illinois Dept. of Corrections,* 746 F.3d 782 (7th Cir. 2014) (upholding *Iskander* and noting it would require rehearing *en banc* to reverse *Iskander), reh'g en banc denied,* May 16, 2014, *cert. denied,* 135

S.Ct. 1024 (2015); *See also Benn v. Universal Health Sys., Inc.,* 371 F.3d 165, 174 (3d Cir. 2004); *Lyons v. Nat'l Car Rental Sys., Inc.,* 30 F.3d 240, 246 (1st Cir. 1994).

While Plaintiff does allege that Holy Cross Hospital's "custom[s] and practice[s]" form the bases of its liability under Counts IV through VI, Complaint at ¶¶60, 64, and 68, Plaintiff has also alleged in her Complaint that Dr. Martinez is an employee and/or agent of Holy Cross Hospital. *Id.* at ¶8. Any attempt by Plaintiff to use Dr. Martinez's conduct as a basis for Holy Cross's claimed liability under §1983 fails pursuant to these authorities.

### 2. *Holy Cross Hospital was not acting under color of state law.*

Even Plaintiff's allegations based on Holy Cross Hospital's "custom[s] and practice[s]" fail as §1983 claims because Plaintiff's Complaint only suggests that Holy Cross Hospital was acting in conjunction with *federal* actors.

Section 1983 does not reach purely private conduct and "deals only with those deprivations of rights that are accomplished under color of the law of 'any State or Territory.'" *District of Columbia v. Carter,* 409 U.S. 418, 424-25, 93 S.Ct. 602, 606 (1973); *Lonneker Farms, Inc. v. Klobucher,* 804 F.2d 1096, 1097 (9th Cir. 1986); *Price v. State of Hawaii,* 939 F.2d 702, 708 (9th Cir. 1991). Section 1983 claims address Constitutional violations by persons acting "under color of any statute, ordinance, regulation, custom, or usage, of ***any State or Territory or the District of Columbia.***" 42 U.S.C. §1983 (emphasis added). Alleged actions taken under color of federal law

are of "no help" to plaintiffs bringing §1983 claims. *Lonneker Farms, Inc.,* 804 F.2d at 1097. "Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). A "defendant is entitled to more than the bald conclusion that there was action under color of state law." *Price* at 708.

The allegations in Plaintiff's Complaint only relate to federal law enforcement actions. Where defendants act under the direction of federal agents, those defendants are considered to be acting under color of ***federal*** law. *Billings v. United States,* 57 F.3d 797, 801 (9th Cir. 1995). In *Billings,* the Ninth Circuit considered a §1983 claim brought by a private citizen who was protesting a political speech and holding up a sign and ended up in a "scuffle" in with federal Secret Service Agents. *Id.* at 799. The Secret Service Agents handcuffed the plaintiff and turned her over to the local sheriff's department. *Id.* Plaintiff tried to bring a §1983 claim against the Secret Service Agents, claiming that they had deprived her of her constitutional rights, but the District Court, on its own motion, dismissed the claim on the basis that §1983 "states no cause of action against federal agents acting under the color of federal law…" *Id.* The Ninth Circuit affirmed the dismissal, holding that, even if the Secret Service Agents and Sheriff's officers acted jointly, "it was under color of federal law." *Id.* at 801.

Like the plaintiff in *Billings,* Plaintiff in this case presents factual allegations that at most only suggest acts conducted under federal law. Plaintiff's Complaint alleges that she was searched and detained by *federal* Customs and Border Protection Agents at the Nogales Port of Entry, was transported from the Port of Entry to Holy Cross Hospital in a *federal* Customs and Border Protection vehicle after a *federal* Customs and Border Protection agent signed a United States Public Health Services Division of Immigration Health Services' Treatment Authorization Request, and that *federal* Customs and Border Protection Agents, along with Dr. Martinez, "continued the intrusion on Ashley's body" while at Holy Cross Hospital, before an audience of *federal* Customs and Border Protection Agents. *Id.* at ¶¶19-35. She was then transported back to the Port of Entry by *federal* Customs and Border Protection Agents and released. *Id.* at ¶¶36-37. Plaintiff's Complaint makes no reference to any state or local law enforcement involvement of any kind. *Id.*

Because Plaintiff's Complaint is completely devoid of any allegations of state action, Holy Cross Hospital cannot be said to have acted under color of state law. Accordingly, Counts IV to VI of Plaintiff's Complaint fail to state a claim for which relief may be granted under §1983.

**B.     Plaintiff's *Bivens* Claims Fail to State a Claim for which Relief May Be Granted**

In addition, to the extent Plaintiff is alleging Counts IV – VI as *Bivens* claims, they also fail to state a claim for which relief may be granted because Holy Cross

Hospital is a private corporate entity not subject to *Bivens* liability under *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001).

In *Bivens,* the United States Supreme Court recognized an "implied private action for damages against federal ***officers*** alleged to have violated a citizen's constitutional rights." *Id.* at 66, 122 S.Ct. at 519 (emphasis added), *citing Bivens,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  The Court found an implied remedy for damages available under the Fourth Amendment for limited circumstances where federal ***officers*** abuse their constitutional authority.  *Malesko* at 68, 91 S.Ct. at 520. While *Bivens* opened the door for a new cause of action unrecognized by federal statute, the Supreme Court, by the time of its decision in *Malesko,* had only extended its holding twice, "to provide an otherwise nonexistent cause of action against ***individual officers*** alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an ***individual officer's*** unconstitutional conduct." *Malesko* at 70, 122 S.Ct. at 521 (emphasis added).  Otherwise, the Court, "consistently rejected invitations to extend *Bivens.*" *Id.*

In *Malesko,* the Court refused to extend *Bivens* to actions against private corporations operating under color of federal law. *Id.* at 61, 122 S.Ct. at 516.  In so holding, the Court reasoned that the purpose of *Bivens* actions is to deter "the unconstitutional acts of ***individual officers.*** " *Id.* at 71, 122 S.Ct. at 522-23 (emphasis

added). The *Malesko* Court posited that "[i]f a corporate defendant is available for suit, claimants will focus their collection efforts on it, ***and not the individual directly responsible for the alleged injury.***" *Id.* at 62, 122 S.Ct. at 516-17 (emphasis added). The "threat against an individual's employer," reasoned the Court, "was not the kind of deterrence contemplated by *Bivens*." *Id.* at 70-71, 122 S.Ct. at 521.

Holy Cross Hospital, as Plaintiff pleads in her Complaint, is "an Arizona Corporation doing business in Santa Cruz County, Arizona." Plaintiff's Complaint at ¶5. At the time of the underlying events in this suit, it was owned by Carondelet Health Network, Inc.. *Id.* at ¶¶5-7. Plaintiff does *not* allege that Holy Cross Hospital or its parent corporation were at any times relevant to the Complaint federal public entities. Because Holy Cross Hospital and its corporate structure are private corporate entities, Counts IV – VI of Plaintiff's Complaint fail as *Bivens* actions under *Malesko*.

**III.   Conclusion**

Claims IV through VI of Plaintiff's Complaint, as applied to Holy Cross Hospital, fail as a matter of law under the *Iqbal* and *Twombly* standards. For these reasons, Holy Cross Hospital respectfully requests that the Court dismiss Counts IV

///

///

1 through VI of Plaintiff's Complaint as they pertain to Holy Cross Hospital under Rule
2 12(b)(6), F.R.C.P., for failing to state a claim for which relief may be granted.

RESPECTFULLY SUBMITTED this 19th day of August, 2016.

                                  By /s/Laura V. Mac Ban
                                      Laura V. Mac Ban
                                      Michael L. Linton
                                      Attorneys for Defendants Holy Cross
                                      Hospital, Inc. and Ascension Arizona, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Matthew C. Davidson, Esq.
Law Offices of Matthew C. Davidson, Ltd.
1859 N. Grand Avenue, Suite 1
Nogales, AZ  85621-1386
Tel:  (520) 281-0433
Fax:  (520) 281-0553
Email: davidsonlaw@hotmail.com
Attorneys for Plaintiff

Brian Marchetti, Esq.
Marchetti Law, P.L.L.C.
290 N. Meyer Avenue
Tucson, AZ  85701
Tel:  (520) 334-2067
Email: brian@yourtucsonlawfirm.com
Attorneys for Plaintiff

I hereby certify that on August 22, 2016, a courtesy copy of the filed attached document will be hand delivered via messenger service to:

The Hon. Cindy K. Jorgenson
United States District Court
Evo A. DeConcini U.S. Courthouse
405 W. Congress Street, Suite 5180
Tucson, AZ  85701

Executed this 19th day of August, 2016, at Tucson, Arizona.

/s/ Laura V. Mac Ban