JOHN S. LEONARDO
United States Attorney
District of Arizona
Michael A. Ambri (#021653)
Melissa Marcus Kroeger (#025209)
Assistant U.S. Attorneys
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Fax: (520) 620-7138
Michael.Ambri@usdoj.gov
Melissa.Kroeger@usdoj.gov

*Attorneys for Defendant United States of America
and Shamekia Leggett*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Ashley Cervantes, | 4:16-CV-00334-CKJ |
|---|---|
| Plaintiff, | **DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| United States of America, et al. | |
| Defendants. | |

Answering Plaintiff Ashley Cervates's First Amended Complaint [Doc. 20] (the "Complaint"), Defendant United States of America admits, denies, and alleges, as follows:

1. Answering Paragraph 1, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

2. Paragraph 2 concerning the Federal Tort Claims Act is a legal conclusion to which no response is required. To the extent a response may be deemed required, the allegations are denied.

3. Answering Paragraph 3, Defendant denies that it is liable pursuant to the FTCA. Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's remaining allegations concerning unknown CBP agents and, therefore, denies them.

4. Answering paragraph 4, Defendant admits that Shamekia Leggett is an employee of CBP who was acting within the course and scope of her employment at the time of the events giving rise to the claims. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and, therefore, denies them.

5. Paragraph 5 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Paragraph 6 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Paragraph 7 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Paragraph 8 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Paragraph 9 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Paragraph 10 concerning jurisdiction is a legal conclusion to which no response is required. To the extent a response may be deemed required, the allegations are denied.

11. Paragraph 11 concerning jurisdiction is a legal conclusion to which no response is required. To the extent a response may be deemed required, the allegations are denied.

12. Paragraph 12 concerning jurisdiction is a legal conclusion to which no

response is required. To the extent a response may be deemed required, the allegations are denied.

13. Paragraph 13 concerning venue is a legal conclusion to which no response is required. To the extent the allegations are deemed factual in nature, Defendant lacks knowledge and information sufficient to form a belief as to the location of Ashley's residence and, therefore, denies the allegations.

14. Answering paragraph 14, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

15. Answering paragraph 15, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

16. Answering paragraph 16, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

17. Answering paragraph 17, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

18. Answering paragraph 18, Defendant admits that Ashly was questioned by a CBP employee upon reentering the United States. Defendant denies the remaining allegations contained in paragraph 18.

19. Answering paragraph 19, Defendant admits that Ashley was questioned by a CBP employee upon reentering the United States, that she was handcuffed at certain times, that two K9s sniffed her person, and that she was taken to a separate room, patted down by CBP employees, and asked to squat. Defendant denies the remaining allegations contained in paragraph 19.

20. Answering paragraph 20, the allegations are denied.

21. Answering paragraph 21, the allegations are denied.

22. Answering paragraph 22, the allegations are denied.

23. Answering paragraph 23, Defendant admits that CBP employees requested permission to transport Ashley to a medical facility. Defendant denies the remaining allegations contained in paragraph 23.

24. Answering paragraph 24, the content of the TAR form speaks for itself and Defendant denies all allegations to the contrary. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 24 and, therefore, denies them.

25. Answering paragraph 25, Defendant admits that Ashley was taken by CBP employees to Holy Cross Hospital. Defendant denies the remaining allegations contained in paragraph 25.

26. Answering paragraph 26, Defendant admits that Ashley was handcuffed at certain times during her transport. Defendant denies any remaining allegations contained in paragraph 26.

27. Answering paragraph 27, Defendant lacks knowledge and information sufficient to form a belief concerning Ashley's menstrual cycle and, therefore, denies them. Defendant denies the remaining allegations contained in paragraph 27.

28. Paragraph 28 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

29. Answering paragraph 29, Defendant lacks knowledge and information sufficient to form a belief as to the content of Holy Cross records. Defendant admits that Ashley was transported in a CBP vehicle and that she was handcuffed at certain points during the transport. Defendant denies the remaining allegations contained in Paragraph 29.

30. Defendant lacks knowledge and information concerning the truth of the allegations contained in paragraph 30 and, therefore, denies them.

31. Answering paragraph 31, Defendant lacks knowledge and information concerning the truth of the allegations concerning Dr. Martinez and, therefore, denies them. Defendant denies the remaining allegations contained in paragraph 31.

32. Paragraph 32 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

33. Paragraph 33 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

34. Answering paragraph 34, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

35. Answering paragraph 35, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

36. Answering paragraph 36, Defendant admits that Ashley was transported by CBP back to the port of entry. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

37. Answering paragraph 37, Defendant admits that Ashley was released from CBP without any charges. Defendant denies the remaining allegations contained in paragraph 37.

38. Answering paragraph 38, Defendant denies the allegations.

39. Answering paragraph 39, Defendant admits that its employees did not obtain a search warrant. Defendant denies the remaining allegations contained in paragraph 39.

40. Answering paragraph 40, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

41. Paragraph 41 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

42. Paragraph 42 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

43. Paragraph 43 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

44. Paragraph 44 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

45. Paragraph 45 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

46. Answering paragraph 46, Defendant admits that a Notice of Claim was submitted to CBP. Defendant denies the remaining allegations contained in paragraph 46.

47. Answering paragraph 47, Defendant admits that CBP received the Notice of Claim and that the claim was deemed denied six months after its receipt. Defendant denies any remaining allegations contained in paragraph 47.

## **COUNT ONE**
**Unreasonable Seizure, False Arrest and False Imprisonment in Violation of the Fourth Amendment to the U.S. Constitution Against the CBP Agents**
(***Bivens* Claim**)

1   48.   Answering paragraph 48, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

49.   Paragraph 49 pertains to individuals or entities other than Defendant. To the extent the allegations are directed at Defendant, the allegations are denied.

50.   Paragraph 50 concerning *Bivens* is a legal conclusion to which no response is required. To the extent a response may be deemed required, the allegations are denied.

## COUNT TWO
## Unreasonable Search in Violation of the Fourth Amendment to the U.S. Constitution Against the CBP Agents
## (*Bivens* Claim)

51.   Answering paragraph 51, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

52.   Paragraph 52 pertains to individuals or entities other than Defendant. To the extent the allegations are directed at Defendant, the allegations are denied.

53.   Paragraph 53 concerning *Bivens* is a legal conclusion to which no response is required. To the extent a response may be deemed required, the allegations are denied.

## COUNT THREE
## Deprivation of Due Process in Violation of the Fifth Amendment to the U.S. Constitution Against the CBP Agents
## (*Bivens* Claim)

54.   Answering paragraph 54, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

55.   Paragraph 55 pertains to individuals or entities other than Defendant. To the extent the allegations are directed at Defendant, the allegations are denied.

56. Paragraph 56 concerning *Bivens* is a legal conclusion to which no response is required. To the extent a response may be deemed required, the allegations are denied.

### COUNT FOUR

### Unreasonable Seizure, False Arrest and False Imprisonment in Violation of the Fourth and Fourteenth Amendments to the U.S. Constitution Against Defendant Martinez

### (*Bivens* Claim)

57. Answering paragraph 57, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

58. Paragraph 58 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

59. Paragraph 59 concerning *Bivens* is a legal conclusion to which no response is required.

### COUNT FIVE

### Unreasonable Search in Violation of the Fourth and Fourteenth Amendments to the U.S. Constitution Against Defendant Martinez

### (*Bivens* Claim)

60. Answering paragraph 60, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

61. Paragraph 61 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

62. Paragraph 62 concerning *Bivens* is a legal conclusion to which no response is required.

## COUNT SIX

### Deprivation of Due Process in Violation of the Fifth Amendment to the U.S. Constitution Against Defendant Martinez

(*Bivens* Claim)

63. Answering paragraph 63, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

64. Paragraph 64 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations are directed at Defendant, the allegations are denied.

65. Paragraph 65 concerning *Bivens* is a legal conclusion to which no response is required.

## COUNT SEVEN

### Negligent Hiring, Training and Supervision against Holy Cross and TeamHealth

66. Answering paragraph 66, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

67. Paragraph 67 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

68. Paragraph 68 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

69. Paragraph 69 pertains to individuals or entities other than Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT EIGHT

### Assault and Battery Claim Against the United States for the Tortious Actions of its Federal Agents.

70. Answering paragraph 70, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

71. Answering paragraph 71, the allegations are denied.

72. Answering paragraph 72, Defendant admits that Defendant Leggett was acting within the course and scope of her employment at the time of the events giving rise to the claims. Defendant denies any remaining allegations contained in paragraph 72.

73. Paragraph 73 concerning the Federal Tort Claims Act is a legal conclusion to which no response is required. To the extent a response may be deemed required, the allegations are denied.

## COUNT NINE

### False Arrest Claim Against the United States for the Tortious Actions of its Federal Agents

74. Answering paragraph 74, Defendant incorporates by this reference its responses to each and every allegation contained in the Complaint as if fully set forth in the responses that follow.

75. Answering paragraph 75, the allegations are denied.

76. Answering paragraph 76, Defendant admits that Defendant Leggett was acting within the course and scope of her employment at the time of the events giving rise to the claims. Defendant denies any remaining allegations contained in paragraph 76.

77. Paragraph 77 concerning the Federal Tort Claims Act is a legal conclusion to which no response is required.

78. Answering paragraph 78, Defendant denies that Plaintiff is entitled to a jury trial on her FTCA claims.

## ADDITIONAL DENIALS

1. Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted herein.

2. Defendant denies that it is liable for any conduct of any kind or nature whatsoever that would warrant the imposition of damages against it, as alleged or at all.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff was afforded all constitutional rights and protections to which she was entitled at all material times to the incidents alleged in plaintiff's complaint.

3. At all relevant times, Defendant's conduct was justified under the circumstances.

4. No acts or omissions by the Defendant were foreseeable or the proximate cause of, or substantially contributed to, any injury or damage allegedly sustained by Plaintiff.

5. Punitive damages are not available against Defendant.

6. Plaintiff may have failed to mitigate her alleged damages.

7. This action is barred by sovereign immunity.

8. The Federal Tort Claims Act provides the exclusive remedy for plaintiff's claim and the judgment bar, 28 U.S.C. § 2676, applies to plaintiff's claims against the federal defendants.

9. Plaintiff's FTCA claims are barred in whole or in part by the discretionary function exception, 26 U.S.C. § 2680(a).

10. Plaintiff's claims are barred by the customs exception. *See* 28 U.S.C. § 2680(c).

11. To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, Arizona's principles of comparative fault apply and liability must be apportioned or any judgment reduced as set forth under Arizona law. *See* A.R.S. §§ 12-2501, 12-2506.

12. Defendant is not aware of which other affirmative defenses, if any, may be applicable, and therefore reserves the right to assert such other defenses if facts revealed during discovery support such defenses. Defendant expressly preserves and does not knowingly or intentionally waive any of the affirmative defenses set forth in Fed. R. Civ. P. 8(c).

WHEREFORE, having fully answered, Defendant prays that Plaintiff take nothing by virtue of her suit, that judgment be rendered in favor of Defendant, that Defendant recover costs of suit incurred herein, and for such other and further relief as the Court deems proper.

Respectfully submitted this 24th day of October, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/ Melissa Marcus Kroeger*
MELISSA MARCUS KROEGER
Assistant U.S. Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Matthew C. Davidson
Law Offices of Matthew C. Davidson, Ltd.
1859 N. Grand Ave., Suite 1
Nogales, AZ 85621-1386

Brian Marchetti
Marchetti Law, PLLC
290 N. Meyer, Ave.
Tucson, AZ 85701

*Attorneys for Plaintiff*


James R Broening
Michelle Lynn Donovan
Broening Oberg Woods & Wilson PC
P.O. Box 20527
Phoenix, AZ 85036-0527

*Attorneys for Defendant Patrick Martinez*


Laura V. MacBan
MacBan Law Offices
Skyline Esplanade
1795 E Skyline Dr, Suite 155
Tucson, AZ 85718

*Attorney for Defendant Holy Cross Hospital*


*s/ Mary McClain*