LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
POST OFFICE BOX 20527
PHOENIX, ARIZONA 85036
(602) 271-7700

Michelle L. Donovan (027958)
Minute Entries/Orders to: cjg@bowwlaw.com

Attorneys for Defendant Martinez

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ASHLEY CERVANTES, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION AGENT SHALEKA LEGGETT and "JOHN DOE" LEGGETT; UNKNOWN UNITED STATES CUSTOMS AND BORDER PROTECTION AGENTS; HOLY CROSS HOSPITAL, INC.; ASCENSION ARIZONA, INC.; PATRICK F. MARTINEZ AND "JANE DOE" MARTINEZ; JOHN DOES 1-5; JANE DOES 1-5; XYZ CORPORATIONS 1-5; ABC PARTNERSHIPS 1-5,<br><br>Defendants. | NO. 4:16-CV-00334-CKJ<br><br>**REPLY IN SUPPORT OF DEFENDANT MARTINEZ'S MOTION FOR SUMMARY JUDGMENT**<br><br>*(Assigned to the Honorable Cindy Jorgenson)* |

Defendant Patrick F. Martinez, M.D. ("Dr. Martinez"), through his counsel, hereby submits his Reply in Support of his Motion for Summary Judgment. Plaintiff's Response fails to overcome the high burden of maintaining a *Bivens* claim against a private actor. Here, as was the case in *Holly v. Scott*, 434 F.3d 287 (4th Cir. 2006), Plaintiff's claims must fail for

two independently dispositive reasons. First, Plaintiff's insistence that she could not have asserted a state claim against Dr. Martinez is untrue. Plaintiff's entire argument is that she did not consent to the pelvic and rectal exam (or search as she labels it). A.R.S. § 12-561(2) and the case law interpreting it are clear that failure to secure express or implied consent when rendering medical or health-related services is a medical malpractice action or medical battery. A pelvic and rectal examination by a private physician at a private hospital as part of a medical clearance examination is certainly a health-related service. Therefore, Plaintiff's *Bivens* claim must fail due to the availability of a state law remedy. *Id* at 295-297.

Plaintiff's *Bivens* claim also must fail because Dr. Martinez was a private physician working in the emergency department of a private hospital. That Plaintiff was brought to the hospital by Customs and Border Patrol agents does not convert every healthcare provider that participated in her experience at Holy Cross into federal actors. Indeed, the only "evidence" she has offered to support her claim that Dr. Martinez was acting as a federal agent is Officer Leggett's testimony that agents could not perform body cavity searches. This is not sufficient to justify classifying Dr. Martinez as a federal agent, especially when Plaintiff admits she received some medical or health-related services by undergoing a medical clearance examination as a function of presenting to an emergency department. Therefore, summary judgment in favor of Dr. Martinez is warranted.

## I.   Plaintiff's Alternative Remedy Under State Law Bars Her *Bivens* Claim

The federal jurisprudence is clear that *Bivens* claims must fail where an alternative remedy exists. *See* Defendant Martinez's Motion for Summary Judgment, *see also Holly*, 434 F.3d at 295-297. The remedy need not be equal, but simply just be available. *Correctional Services Corp. v. Malesko*, 122 S.Ct. 515, 515-516 (2001); *Minneci v. Pollard*, 132 S.Ct. 617, 624-625 (2012). Here, the appropriate remedy for Plaintiff's grievances against Dr. Martinez is found in the Medical Malpractice Act, A.R.S. § 12-561 *et seq.*

**A.      Arizona Law Provides a Remedy for Plaintiff's Allegations**

Arizona broadly defines a medical malpractice action:

> an action for injury or death <u>against a licensed health care provider</u> <u>based upon such provider's alleged **negligence**, **misconduct**, **errors or omissions**</u>, or breach of contract <u>in the rendering of health care, medical services, nursing services or other **health-related services** **or** for the rendering of such health care, medical services, nursing services or other health-related services,</u> **without express or implied consent** including an action based upon the alleged negligence, misconduct, errors or omissions or breach of contract in collecting, processing or distributing whole human blood, blood components, plasma, blood fractions or blood derivatives.

A.R.S. § 12-561(2) (emphasis added). Arizona courts interpreting this statute have acknowledged its broad scope and recognize that conduct by a healthcare provider involving any level of professional judgment in providing health-related services falls under A.R.S. § 12-561. *Jeter v. Mayo Clinic Arizona*, 211 Ariz. 386, 404-05, 121 P.3d 1256, 1274-75 (App. 2005)(holding that pre-embryos that were inadvertently lost or destroyed could be medical malpractice depending on how it was they became unavailable). Arizona law further recognizes medical battery claims for patients claiming a healthcare provider acted without consent. *Duncan v. Scottsdale Medical Imaging, Ltd.*, 205 Ariz. 306 (2003); *Carter v. The Pain Center of Arizona, Inc.*, 239 Ariz. 164, 367 P.3d 68 (App. 2016).

Thus, even if it were true that Plaintiff did not consent to the examination as she claims, she has a remedy under state law. Therefore, her *Bivens* claims against Dr. Martinez cannot stand.

**B.      Plaintiff's Exhibits Establish the Health-Related Nature of Her Interaction with Dr. Martinez**

In addition, Plaintiff's protestations that the Medical Malpractice Act does not govern her claim is undermined by the very records she put forth in support of her Opposition. At pages 128-129 of the Exhibits to Plaintiff's Statement of Facts, Plaintiff provides the medical

records from Holy Cross regarding her interaction with Dr. Martinez. As seen on the documents, vitals were taken, medical, social, and surgical history were taken (including allergies and medications), and a comprehensive physical examination that included HEENT (head, ears, eyes, nose, and throat), neck, respiratory, cardiovascular, skin, extremities, abdomen, and rectum and female genitals was performed. The clinical impression is noted as "medical clearance".

Given the full examination, there is simply no basis to claim that Dr. Martinez's interaction with her was not "health-related". This is especially true given Plaintiff's admission that the providers at Holy Cross had a legal obligation to perform a medical examination to determine her stability pursuant to EMTALA. Of note, Plaintiff has not complained of any part of her medical clearance examination except for the pelvic and rectal examination. She does not contend the rest of her medical clearance examination was performed without consent. Rather, it is only one subset that she wants to separate out as "non-medical" or not "health-related" to support her *Bivens* claim. This is an untenable position as exceeding the scope of consent or failing to secure consent is explicitly contemplated under A.R.S. § 12-561's definition of a medical malpractice action. That Plaintiff has chosen to label her exam as "forensic" does not change the fact that the allegedly improper conduct was at minimum a health-related service. Therefore, Plaintiff's allegations are state law claims that prevent maintenance of a cause of action under *Bivens*.

**C.     The Factual Disputes Raised by Plaintiff do not Prevent Summary Judgment**

The core of Plaintiff's claims against Dr. Martinez is that he performed a pelvic and rectal examination without her consent. While Plaintiff argues that Dr. Martinez was not providing medical or health-related care, but rather a "forensic search", the distinction is irrelevant because the issue of consent determines whether Plaintiff has any claim, regardless of whether it is labeled a constitutional violation, medical malpractice, or medical battery. If

4

Plaintiff consented to the exam (or search as Plaintiff calls it), then no Constitutional violation occurred and no violation of the Medical Malpractice Act occurred. If, however, she did not consent to the exam, there is no basis to introduce a *Bivens* claim because, as detailed above, Arizona law explicitly provides remedies for the alleged failure to secure consent. This is the fatal flaw in Plaintiff's *Bivens* claim against Dr. Martinez, because regardless of the factual determination, a state remedy is available to Plaintiff.

## II. Plaintiff has Failed to Meet Her Burden of Proof to Establish Dr. Martinez as a Federal Actor

In addition to the availability of a state remedy requiring dismissal of Plaintiff's *Bivens* claim, Plaintiff cannot maintain her *Bivens* action because she has not satisfied her burden of establishing Dr. Martinez as a federal actor. Multiple different tests have been used to determine whether a private actor should be deemed a federal actor. In the Ninth Circuit, private actions may only be attributed to the government if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *George v. Edholm*, 752 F.3d 1206, 1215, 14 Cal. Daily Op. Serv. 5765 (9th Cir. 2014) (quoting *Brentwood Academy v. Tenn. Secondary School Athletic Assoc.*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001). In determining whether a private actor should be deemed to be acting on behalf of the state or federal government, courts caution that liability of private persons through application of the "state action" doctrine should be limited. *Holly*, 434 F.3d 287(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937(1982)). The Court in *Holly* recognized that the Bill of Rights is maintained "as a shield that protects private citizens from the excesses of government, rather than a sword that they may use to impose liability upon one another." 434 F.3d at 292.

Here, Plaintiff's sole "evidence" that Dr. Martinez's examination of Plaintiff converts his private physician status into that of a federal actor is the fact that the Customs and Border Patrol agents are not permitted to perform a body cavity search themselves. Instead, a medical

5

doctor at a medical facility can perform a body cavity search. Plaintiff has shown no pattern of conduct, no agreement or contract between the government and any defendant to provide the "searches", no interdependence between Dr. Martinez and the government, no ability of CBP agents to force Dr. Martinez to perform the examination, no significant encouragement or inducement for performance of the examination, no intent by Dr. Martinez to assist the CBP agents, and no benefit to Dr. Martinez arising from the exam such as payment by the government. This scant evidence does not overcome the critical facts that Dr. Martinez was a private citizen, working as a physician in the emergency department of a private hospital, providing medical or health-related services to a patient presenting to the emergency department.

Plaintiff's reliance on *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328 is misplaced. The Court in *Schowengerdt* confronted the question at the motion to dismiss stage, before any discovery was undertaken or the record developed. *Id* at 1338-1339. This is significant as the Court merely held that it was possible the private defendants could be deemed federal actors. *Id*. However, the claimant was required to put forth evidence to establish the private defendants engaged in federal action. *Id* at 1337-1338. Here, Plaintiff has had ample opportunity to attempt to develop the record to support the claim that Dr. Martinez should be deemed a federal actor. Plaintiff has failed to do so and discovery is now closed. The lack of evidence warrants summary judgment in favor of Dr. Martinez.

**III.   Conclusion**

As established in Dr. Martinez's Motion for Summary Judgment and in this Reply, no basis exists on the record for Plaintiff's *Bivens* claim to stand. It is undeniable that Plaintiff has state court remedies to address her grievances against Dr. Martinez. For some reason, Plaintiff has chosen not to pursue those remedies. However, Plaintiff's refusal to pursue her state court remedies does not negate their existence or negate the impropriety of a *Bivens* claim in this context. On this ground alone, summary judgment should be entered in Dr.

Martinez's favor.

In addition, and separately dispositive, Plaintiff's *Bivens* claim must fail because she has not met her burden of proof of putting forth evidence to establish that Dr. Martinez should be deemed a federal actor. The only basis Plaintiff has offered is that Customs and Border Patrol agents are not permitted to conduct body cavity searches. This is hardly sufficient. For all of the above reasons, Dr. Martinez respectfully requests that summary judgment be entered in his favor.

RESPECTFULLY SUBMITTED this 4th day of April, 2018.

**BROENING OBERG WOODS & WILSON, P.C.**

By /s/ *Michelle L. Donovan*
Michelle L. Donovan
Post Office Box 20527
Phoenix, Arizona  85036
*Attorneys for Defendant Martinez*

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that on April 4, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Matthew D. Davidson, Esq.
**LAW OFFICES OF MATTHEW C. DAVIDSON, LTD**.
1859 N. Grand Avenue, Suite 1
Nogales, AZ 85621
*Attorneys for Plaintiff*

Brian Marchetti, Esq.
**MARCHETTI LAW, P.L.L.C.**
290 N. Meyer Avenue
Tucson, AZ 85701
*Attorneys for Plaintiff*

Laura V. Mac Ban
Michael L. Linton
**MAC BAN LAW OFFICES**
Skyline Esplanade
1795 E. Skyline Drive, Suite 155
Tucson, AZ 85718
*Attorneys for Defendants Holly Cross Hospital, Inc. and Ascension Arizona, Inc.*

Scott A. Holden, Esq.
Carolyn Armer Holden, Esq.
Michael J. Ryan, Esq.
**HOLDEN & ARMER, PC**
4505 East Chandler Blvd. Suite 210
Phoenix, AZ 85048
*Attorneys for Defendants Quantum Plus, Inc. dba Teamhealth West*


By  /s/ *Gina M. Barrera*